UNITED STATES DISTRICT COURT
DISTRICT OF NEW HAMPSHIRE

| | |
|---|---|
| FELIX ELIEZER UREÑA | Case No. )<br>Honorable ) |
| Plaintiff, | ) |
| | ) |
| V. | ) |
| | ) |
| STRAFFORD COUNTY HOUSE OF CORRECTIONS, | ) |
| SUPERINTENDENT-BRUCE PELKIE, | ) |
| LIEUTENANT WEISGARBER, | ) |
| STRAFFORD COUNTY, | ) |
| STRAFFORD COUNTY COMMISSIONERS, | ) |
| Defendants, | ) |

14-fp-323

## COMPLAINT WITH JURY DEMAND

### *Introduction*

This is a civil rights action filed by FELIX ELIEZER UREÑA, a Federal detainee, for damages under Title 42 U.S.C. § 1983 alleging denial of due process and equal protection of the law that is guaranteed by the 14th Amendment of the United States Constitution. The plaintiffs' rights guaranteed by the First Amendment of the United States Constitution to freedom of speech and religion were also intentionally violated by the defendants. The plaintiff also alleges violations of the 1st Amendment of the United States Constitution, in that his rights to religious freedom and his rights to freedom of speech were and continue to be violated by the defendants.

1

## *Jurisdiction*

1. The Court has jurisdiction over the Plaintiffs claims of violation of Federal Constitutional Rights under Title 42 U.S.C. § 1331 (1) and §1343.

2. The Court has supplemental jurisdiction over the Plaintiffs State law tort claims under Title 28 U.S.C. §1367.

## *Parties*

3. The Plaintiff is a Federal detainee, incarcerated at the Strafford County House of Corrections pursuant to a Federal detention Order dated June 21, 2014 and continuing to a date that has yet to be determined in which is the timeframe of the occurrence of the events described in this complaint.

4. Defendants are STRAFFORD COUNTY HOUSE OF CORRECTIONS, SUPERINTENDENT-BRUCE PELKIE, LIEUTENANT WEISGARBER, STRAFFORD COUNTY COMMISSIONERS, and STRAFFORD COUNTY,

5. They are sued in their individual and official capacities. These enumerated defendants will hereafter be referred to as the "defendants".

6. DEFENDANT BRUCE PELKIE was and is the Strafford County House of Corrections jail administrator and superintendent who was in the overall supervisory position in control of all inmates and all operations and Lieutenants and Sergeants at the Strafford County House of Corrections jail. He is sued in his individual and official capacity.

7. DEFENDANT LIEUTENANT WEISGARBER IS sued in her individual and official capacity. LIEUTENANT WEISGARBER is the person who is responsible for compliance with religious requirements and requests for the inmates within the Strafford County House of Corrections and the approving of and providing of religious diets such as *"Kosher" and "Halal"* meals. Lieutenant Weisgarber *"acts"* as a Chaplain in lieu of not having a Chaplain.

8. DEFENDANT STRAFFORD COUNTY COMMISSIONERS are responsible for the orderly running of the Strafford County House of Corrections and to insure that the facility complies with all Federal and State laws and ordinances and particularly is in compliance with the State of New Hampshire and the United States of America's Constitutions.

9. DEFENDANT STRAFFORD COUNTY is responsible for the orderly running of the Strafford County House of Corrections and to insure that the facility complies with all Federal and State laws and ordinances and particularly is in compliance with the State of New Hampshire and the United States of America's Constitutions.

## *Facts*

10. On June 21, 2014 when the plaintiff entered the Strafford County House of Corrections, he was brought into "booking". During the processing in booking, the plaintiff was interviewed about his physical personal information by Correctional Officer South. During this interview, the plaintiff informed the Correctional Officer South that he would need a *"Halal"* diet as he was a practicing Muslim. The Correctional Officer filled out a *"Request for a Religious Diet Form"*. Said form was an intrusive form in the sense that it inquires how long the plaintiff had been a member of his faith group. This was not only intrusive but violated the plaintiffs' right to practice a religious choice and maintain a degree of privacy about such faith. Regardless of how long the plaintiff was a member, whether one day or one decade or from birth, it is irrelevant. Plaintiff states that this was a violation of his rights to privacy causing him internal emotional conflict in that the plaintiff because of such questioning began to question his own religious faith because he had not been born a Muslim but had adopted the Muslim faith later on in life..

3

11. Although the *"Request for a Religious Diet Form"* indicates that a ***"Chaplains Recommendation"*** is necessary, Strafford County House of Corrections does not have a Chaplain nor has the Strafford County House of Corrections had a Chaplain in years. The closest person to a Chaplain would be Mr. Edward Phelen who brings in Catholic services on Saturdays. The person who has unofficially been delegated the title of Chaplain is a very opinionated man by the name of Robert Spears who has been witnessed to have told inmates that the Muslim faith is not to be followed as Allah is a false Prophet.

12. The *"Request for a Religious Diet Form"* is designed to deny any inmate the 1st Amendment Constitutional Right to choose his religion when, in the *Chaplains Recommendation"* section, it provides for the *fraudulent* Chaplain to review the *"JMS"* which is the Jail Management System to see if the inmates, at time of booking had said their faith was what they are claiming now at the time of this application for a religious meal. If it is not, the applicant is ***denied***. Although the plaintiff has not been denied his religious meals upon this basis, he has been denied a true *"Halal"* diet in the handling of the foods by mixing his meals in with other non-Halal meals on same transportation carts that are used for both *"Halal"* and non Halal foods.

13. On the 4th day of Ramadan, the defendants did not provide the plaintiff his breakfast meal in a timely fashion as is dictated by Qur'an and Muslim law. Because of such tardiness, the plaintiffs continuity of religious celebration was interrupted which cannot be changed now having already been done thereby causing significant stress and anxiety to the plaintiff because of concern of how brother Muslims would view his sincerity or lack of sincerity to the faith because of such interruption. This stress has been a contributing factor to the ongoing extremely serious stomach problems the plaintiff has been experiencing which has resulted in the plaintiff being hospitalized (3) three times so far.

This facility has not and does not comply with my requests to provide me with dates to properly break my fast. This also adds to the stress that has been a contributing factor to the ongoing extremely serious stomach problems.

14. The plaintiff has been and continues to be denied *"Jumu'ah"* which is a pray session that is obligatory to all Muslims to pray communally together. This inequity created by the defendants is not excusable. There is no security or penal logical issue that could be claimed that would condone the preclusion of such communal prayer session. I and other Muslims have been discriminated against by the defendants in this sense because Catholics are allowed communal congregation on Saturday mornings in which they receive what is called *"Holy Communion"* which equates to them communing with their God.

15. On or about July 9, 2014 at about 2:45 A.M., I had informed the corrections officer on duty that it was regular practice that I am allowed by other corrections officers to be allowed to commit to prayer in private in the multi-purpose room of H-Pod. He discriminated against me by not allowing me to participate in such prayer. This and other denials of prayer in the multi-purpose room forces me to pray in my cell which the necessary direction to the *"Kaba"* is near the toilet. Other faiths do not pray by the toilet, so the Muslim such as me should not have to pray by a toilet.

16. My Muslim faith is disrespected on a daily basis causing me to experience pain and suffering, emotionally and mentally as well as spiritually. This happens due to the fact that non-Muslim inmates are allowed to have prayer rugs that are sold specifically for Muslims to pray on. These rugs are called *"Musal'ah"* and they are not to be walked on with shoes no less than touched with unwashed hands. This facility allows anyone to misuse these *"Musal'ah"* when in other facilities; non-Muslims cannot even purchase these rugs. This religious disrespect must stop immediately.

17. A *"Kufi"* is a religious garment used by Muslims worldwide for the purpose of prayer and custom. Strafford County House of Corrections does not make *"Kufi's"* available to me and other Muslims through commissary nor through any other means. I have requested a *"Kufi"* several times. Particularly on 7/1/14 to Lieutenant Weisgarber as well as on 7/3/14 which were the few documented times of the many times I have requested of numerous corrections officers to allow me to have such religious garments to no avail. The Strafford County House of Corrections would not let my family or Imam drop off a *"Kufi"* for me. This is very troubling to me and causes me extreme stress that I am being denied my right to religious freedom.

18. Strafford County House of Corrections discriminates against me and Muslims by not making available to us the *"Holy Qur'an"* through commissary or through the facility library. I say this is discriminatory because there is an abundance of Holy Bibles and Torahs and the Books of Mormon but no *"Holy Qur'an"*. This is a clear violation of my rights to religious freedom and the ability to practice such. There is also a denial of ***Due Process of the 14th Amendment by not providing equal protection of the law.***

## Claims For Relief

1. The actions of defendants constituted cruel and unusual punishment, deliberate indifference and denial of due process in violation of the 14th Amendment of the United States Constitution. As depicted in the *"FACTS"* section of this complaint, the plaintiff suffered emotionally, physically and spiritually.

2. The defendants denied the plaintiff his rights guaranteed by the First Amendment of the United States Constitution to freedom of speech and religion by denying the plaintiff access to an Imam for religious counseling, access to purchasing a

Qur'an, Kufi's and other religious items necessary for the practicing of the Muslim faith.

3. Strafford County House of Corrections caused the plaintiff to be forced to make a decision to not eat because of the tainting of his foods, being deprived of food and nutrition for a period of (8) eight days. This caused the plaintiff to suffer damages that may be permanent. Also, this resulted in causing the plaintiff to experience physical ailments and emotional trauma affecting his mental wellbeing.

4. The plaintiff suffered by the defendants' wrongful, deceitful and fraudulent use of the *"Request for a Religious Diet Form"* and with deliberate indifference violated the plaintiffs' rights to privacy.

5. The defendants' lack of concern and even deliberate indifference to the dietary needs for the Muslim plaintiff is a actionable claim for relief as the plaintiff was harmed physically, emotionally and spiritually.

6. The denial of rugs that are called *"Musal'ah"* is an actionable claim for relief as the plaintiff was harmed physically, emotionally and spiritually.

7. The defendants denying the plaintiff a *"Kufi"* which is a religious garment is an actionable claim for relief as the plaintiff was harmed physically, emotionally and spiritually.

8. Strafford County House of Corrections and the defendants not making the *"Holy Qur'an"* available to the plaintiff and other practicing Muslims garments is an actionable claim for relief as the plaintiff was harmed physically, emotionally and spiritually.

9. The denial of *"Jumu'ah"* to the plaintiff by the defendants created an actionable claim for relief as the plaintiff was harmed physically, emotionally and spiritually.

7

## *Relief Requested*

**A. Issue a declaratory judgment stating that:**

1. The defendants violated the plaintiffs' rights under the Fourteenth Amendment to the United States Constitution denying him equal protection of the law and due process.

2. The defendants denied the plaintiff his rights guaranteed by the First Amendment of the United States Constitution to freedom of speech and religion by denying the plaintiff access to an Imam for religious counseling.

3. The defendants denied the plaintiff his 1st Amendment Constitutional right to congregate for prayer as is the custom for Muslims known as *"Jumu'ah"*.

4. That the current configuration of the *"Request for a Religious Diet Form"* is invasive of the plaintiffs and other Muslims privacy and is discriminatory and fraudulent in its current form and design and violates the plaintiffs 1st Amendment Constitutional right.

5. The defendants failure to make available or provide a *"Qur'an"* was a violation of the Plaintiffs 1st Amendment Constitutional rights

6. Not providing access to purchasing a Kufi and other religious items necessary for the practicing of the Muslim faith was a violation of the plaintiffs 1st Amendment Constitutional rights.

7. Declare that the allowing of Robert Spears to continue to speak about the Muslim faith in derogatory manners by telling inmates that Allah is a false prophet in order to promote his visions of religion which is Christianity.

8. The current manner in which the defendants provide *"Halal"* meals is not in accordance with Islamic traditions and customs.

*Award compensatory damages in the following amounts:*

1. $50,000.00 jointly and severally against the defendants for their blatant disregard of the plaintiffs Constitutional rights to be able to be free to practice his religion and to not be discriminated against and to not have his due process rights of the 14th Amendment violated and have his right to equal protection of the law compromised.

### D. Award punitive damages in the following amounts:

1. $250,000.00 jointly and severally against the defendants for their blatant disregard of the plaintiffs Constitutional rights to be able to be free to practice his religion and to not be discriminated against and to not have his due process rights of the 14th Amendment violated and have his right to equal protection of the law compromised.

### E. Award redress by order of the Court

1. The defendants revise the *"Request for a Religious Diet Form"* to conform with the law in that it is not invasive of privacy, discriminatory and without equal protection of the law.
2. The defendants employ a legitimate Chaplain and cease to have both Lieutenant Weisgarber and Robert Spears act in the capacity of a Chaplain. The defendants are to insure that the fraud that was propagated because of not having a Chaplain will not be repeated.
3. That it no longer be allowed that any defendant or their staff use the process of saying that because an inmate, at time of booking declares him or herself one religion, cannot change their religion at whatever tome they choose to change. There will be not time frame to adhere to. Any inmate may change their faith at any time and not be questioned about such change and have to provide any type of qualification.

4. Defendants are to create policy and enforce policy that will not allow any staff member or volunteer to speak negatively about any religion regardless of the reasoning.

5. There will no longer be reviews of the *"JMS"* which is the Jail Management System to see if the inmates, at time of booking had said whatever their faith was.

6. The defendants will endeavor to locate and employ a Imam to attend to the religious needs of the resident Muslim population not less than once monthly.

7. The defendants will endeavor to provide space for the resident Muslims to have their weekly *"Jumu'ah"* prayers on Fridays at any time from noon onward.

8. The defendants will endeavor to work with the Imam to insure that the *"Halal"* diet is complied with throughout the preparation, transportation and service of the foods.

9. The defendants will endeavor to always allow for a resident inmate liaison to act for Muslim services.

10. The defendants will endeavor to allocate a space and time for the resident Muslims to congregate at the end of Ramadan for the celebratory feast of *"Eid al-fitr"* which will need (1) one hour to do so.

11. The defendants are to endeavor to provide a space and time slot for the Muslim population to have what is known as *"Jumu'ah"* which will require an Imam to deliver a speech or a *"Khutbah"* followed by the noontime prayer.

12. The defendants are to post the direction to the *"Kaba"* or *"Makkah, Saudi Arabia"* in each housing unit with the walls of Strafford County House of Corrections so that any Muslim will know the direction.

13. The defendants will insure that rugs that are called *"Musal'ah"* will not be walked on with shoes no less than touched with unwashed hands and will not be made available for sale to any other inmates other than Muslim inmates of the Islamic faith.

14. The defendants will insure that any inmate will be able to purchase by providing for sale at least (3) three different *"Qur'an's"* that are of varying values to insure a choice for different budgets and also insure that there is a *free copy of a Qur'an* of the defendants choosing.

15. The defendants will insure that there is at least 4 different *"Kufi's"* made available for sale through the commissary and that the Strafford County House of Corrections ***"is not to profit from said sales of said Kufi's and Qur'an's in any manner.***

16. The defendants will endeavor to locate a source for Qur'an's that they can stock the library with and that said Qur'an's are visible in the library windows while walking through the hall.

E. Grant such other relief as it may appear that the plaintiff is entitled.

*Sworn to before me*

This \_17\_ day of July 2014.

notary not available

Respectfully submitted,

Felix-Plaintiff pro-se
266 County Farm Road
Dover, New Hampshire 03820

United States District Court
55 Pleasant Street
Concord. New Hampshire 03301
Att Clerk of Court
RE: Service of Complaint

July 14, 2014

DISTRICT COURT
DISTRICT OF N.H.
FILED

2014 JUL 23   A 11: 32

14-fp-323

Dear Clerk,

Please provide me with the waiver form to serve on the defendants by mail prior to having to have the U.S.M.S. effectuate service in the event that the defendants do not respond within the required time frame. Is the time frame 30 or 60 days? Do you have any printed instructions that can help me with filing this complaint? Thank you for your anticipated cooperation. I do not have money for copies of complaint. Could you please provide me a copy for each defendant and a waiver form

Sincerely yours,

Felix Ureña-Pro-se

266 County Farm Road

Dover, New Hampshire 03820