UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW HAMPSHIRE

Felix Eliezer Ureña

    v.                                                Civil No. 14-cv-323-LM

Strafford County House of
Corrections et al.[1]

**REPORT AND RECOMMENDATION**

Felix Eliezer Ureña is a pretrial detainee at the Strafford County House of Correction ("SCHC"). Ureña has filed a Complaint (doc. no. 1) pursuant to 42 U.S.C. § 1983, alleging that defendants have violated his rights under the First and Fourteenth Amendments, and the Religious Land Use and Institutionalized Persons Act, 42 U.S.C. § 2000cc, et seq. ("RLUIPA"). The matter is before the Court for preliminary review pursuant to 28 U.S.C. § 1915A(a) and LR 4.3(d)(1).

---

[1]The Defendants named in the Complaint are: Strafford County, the Strafford County Department of Corrections ("SCDC"), the Strafford County Commissioners, SCDC Superintendent Bruce Pelkie, and SCDC Lt. Weisgarber, whose first name is unknown. The Defendants are sued in their individual and official capacities.

**STANDARD FOR PRELIMINARY REVIEW**

In determining whether a pro se pleading states a claim, the court construes the pleading liberally. See Erickson v. Pardus, 551 U.S. 89, 94 (2007). Disregarding any legal conclusions, the court considers whether the factual content in the pleading and inferences reasonably drawn therefrom, taken as true, state a claim to relief. Hernandez-Cuevas v. Taylor, 723 F.3d 91, 102 (1st Cir. 2013) (citing Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009)).

**CLAIMS**

Ureña is a federal detainee who has been incarcerated at the SCHC since June 21, 2014. Ureña is a practicing Muslim. Since he has been at the SCHC, Ureña claims that he has been denied the right to practice his religion, denied his right to privacy, and denied equal protection of the laws as follows:

1. The Defendants required Ureña to divulge the length of time he has practiced his religion in order to obtain a Halal diet.[2]

2. Defendants denied Ureña proper Halal meals because his

---

[2] Ureña claims his privacy was violated by the inquiry into the length of time he has been a Muslim. This assertion does not state a cognizable claim for relief for a violation of privacy, and thus the statement is construed as background information provided in support of Claim 1, as identified above.

2

Halal meals were delivered on the same cart as non-Halal meals, forcing Ureña to decide not to eat the "tainted" food for eight days for fear of what other Muslims might think of him.

3. On the fourth day of Ramadan, Defendants failed to provide Ureña with a timely breakfast meal, interrupting Ureña's religious celebration.

4. Defendants failed to provide Ureña with the date upon which he was to break his Ramadan fast, or to provide him and other Muslim inmates with a communal meal at the end of Ramadan.

5. Defendants have not allowed Ureña Jumu'ah, an obligatory communal prayer for Muslims, while Christian inmates are allowed weekly communal worship.

6. On July 9, 2014, at 2:45 a.m., unnamed corrections officers did not allow Ureña to pray in private in the unit's multi-purpose room, and Ureña thus had to pray in his cell near a toilet, whereas non-Muslim SCHC inmates are not made to pray near toilets.

7. Ureña's faith is disrespected at the SCHC as non-Muslim inmates are allowed to purchase Musal'ah, Muslim prayer rugs, and to violate Muslim law by walking on the Musal'ah with shoes and touching them with unwashed hands.

8. Ureña has been denied access to a Musal'ah.

9. Ureña has been denied a Kufi, a garment worn by Muslims for prayer.

10. The Qur'an is not available in the SCHC library, or for purchase through the SCHC commissary, although Bibles, Torahs, and the Book of Mormon are available to SCHC inmates.

11. Ureña has been denied access to an Imam for religious counseling.

**DISCUSSION**

I. **Free Exercise of Religion**

Ureña asserts that defendants have violated his right to practice his religion, as protected by the First Amendment and RLUIPA.

> In order to make out a claim under either the First Amendment's Free Exercise Clause or RLUIPA, a plaintiff must initially demonstrate that his sincerely held religious beliefs have been 'substantially' burdened by defendants' conduct – specifically, that the government's action pressured him to commit an act forbidden by his religion, or prevented him from engaging in conduct or experiences mandated by his faith.

Lewis v. Zon, 920 F. Supp. 2d 379, 384 (W.D.N.Y. 2013) (quoting Salahuddin v. Goord, 467 F.3d 263, 274-75 (2d Cir. 2006)).

Ureña's allegations that he has been forced to choose between eating tainted Halal food or not eating at all (Claim 2 above), that he has not been allowed to practice Jumu'ah (Claim 5), that he has been denied access to a Musal'ah (Claim 8), a Kufi (Claim 9), a Qur'an (Claim 10), and an Imam (Claim 11), as stated in the Complaint, may state claims upon which relief could be granted under both the First Amendment and RLUIPA. Accordingly, in an Order issued simultaneously with this Report and Recommendation ("Simultaneous Order"), the Court directs

4

service of Claims 2, 5, and 8 – 11.

Ureña's remaining allegations: that he had to tell prison officials how long he had been a practicing Muslim (Claim 1 above), that his breakfast was late during Ramadan on one occasion (Claim 3), that SCHC officials failed to provide him with the dates of Ramadan and a communal meal to break the Ramadan fast (Claim 4), that on one occasion he was denied the ability to pray outside of his cell and instead had to pray near a toilet (Claim 6), and that non-Muslim inmates are allowed to purchase prayer rugs and treat them in a manner not consistent with Muslim law (Claim 7), neither rise to the level of a constitutional violation nor describe a substantial burden to religious practice.  Accordingly, Claims 1, 3, 4, 6, and 7, as identified above, should be dismissed as they fail to state any claim upon which relief might be granted.

## II.  Equal Protection

Ureña claims that he was discriminated against at the SCHC because he is a Muslim, in violation of his equal protection rights.  To state an equal protection claim, Ureña must allege facts to show that he was treated differently than other similarly-situated inmates, and that the reason for any

different treatment was discrimination on the basis of some improper classification.  See Rocket Learning, Inc. v. Rivera-Sánchez, 715 F.3d 1, 10 (1st Cir. 2013).  Discrimination on the basis of religion constitutes such an improper classification.  See id.

Ureña asserts that the Defendants' failure to allow himself and other Muslims to engage in Jumu'ah (Claim 5 above), failure to provide access to the Qur'an (Claim 10 above), and failure to allow access to an Imam (Claim 11 above), are all violations of his equal protection rights.  The allegations in the Complaint as to the differential treatment of other similarly-situated non-Muslims in analogous circumstances warrant service of these claims.  Accordingly, the Court has directed service of the Complaint as to these claims in the Simultaneous Order.

### III. **Defendants**

#### A. RLUIPA Claims

The RLUIPA Claims are properly served on Strafford County, an entity which subsumes its agencies and agents, including the Strafford County Department of Corrections, the Strafford County Commissioners, Superintendent Bruce Pelkie, and Lt. Weisgarber, to the extent they are sued in their official capacities.

Accordingly, Strafford County is the proper defendant to the RLUIPA claims asserted, and in the Simultaneous Order, service is directed upon Strafford County. To the extent any Defendant is sued for RLUIPA claims in an individual capacity, those claims are not cognizable and should be dismissed.

B.  Constitutional Claims

Ureña's First and Fourteenth Amendment claims arise under 42 U.S.C. § 1983. A plaintiff asserting a claim in a § 1983 action based on supervisory liability must show that his or her constitutional injury was the inexorable result of the acts or omissions of a supervisory official, whether by direct conduct or "indirect conduct that amounts to condonation or tacit authorization." Grajales v. P.R. Ports Auth., 682 F.3d 40, 47 (1st Cir. 2012); see also Ramírez-Lluveras v. Rivera-Merced, 759 F.3d 10, 19 (1st Cir. 2014). Similarly, a "plaintiff who brings a section 1983 action against a municipality . . . must identify a municipal policy or custom that caused the plaintiff's injury." Haley v. City of Boston, 657 F.3d 39, 51 (1st Cir. 2011) (citations and internal quotation marks omitted).

Stripped of legal conclusions, the Complaint here fails to state sufficient facts to support a § 1983 claim of municipal or

7

supervisory liability. Accordingly, the Court recommends that the constitutional claims set forth in the Complaint be dismissed to the extent they are asserted against Strafford County, the Strafford County Department of Corrections, the Strafford County Commissioners, and SCHC Superintendent Bruce Pelkie, as Ureña bases his theory of those Defendants' liability on their supervisory authority rather than their own acts, omissions, customs, or policies.

Ureña has stated that Lt. Weisgarber is the individual responsible for insuring that SCHC inmates have access to the necessary means to practice their religion, and that she has failed to do so despite Ureña's repeated requests for such access. Accordingly, the Court, in the Simultaneous Order, directs service of the constitutional claims (Claims 2, 5, & 8-11 above) on Lt. Weisgarber. Because the Complaint seeks injunctive relief as well as damages, the constitutional claims should proceed against Weigarber in both her individual and official capacities.

## CONCLUSION

For the foregoing reasons, the Court recommends dismissal of all of the claims in the Complaint, except the RLUIPA claim

8

asserted against Strafford County, and the constitutional claims identified as Claims 2, 5, and 8 – 11 above, asserted against Lt. Weisgarber in her individual and official capacities. In the Simultaneous Order, the Court directs service of the claims that it does not now recommend be dismissed.

Any objections to this Report and Recommendation must be filed within fourteen days of receipt of this notice. See Fed. R. Civ. P. 72(b)(2). Failure to file objections within the specified time waives the right to appeal the district court's order. See United States v. De Jesús-Viera, 655 F.3d 52, 57 (1st Cir. 2011); Sch. Union No. 37 v. United Nat'l Ins. Co., 617 F.3d 554, 564 (1st Cir. 2010) (only issues fairly raised by objections to magistrate judge's report are subject to review by district court; issues not preserved by such objection are precluded on appeal).

                                                            Andrea K. Johnstone
                                                            United States Magistrate Judge

September 22, 2014

cc: Felix Eliezer Ureña, pro se